PER CURIAM:
Claimant, Leah K. Torbett, seeks an award from respondent, Division of Highways for property damage sustained while driving her vehicle on April 3, 1994, in Ohio County.
*144 The evidence presented at the hearing on September 29,1994, established that the claimant was driving her vehicle, a 1988 Ford Taurus Wagon, south on Route 41, also known as the Dallas Pike Road, at approximately 9:15 a.m. The Dallas Pike Road is a two lane road with a priority two classification. While traveling at approximately 35 m.p.h., under normal conditions, the claimant’s vehicle struck a large hole in the surface of the road. The hole was located to the right of the center line, and described as being the size of the bathtub. Due to oncoming traffic and a narrow roadway, the claimant was unable to avoid the hole. The claimant travels through this area twice a week and was aware of the poor condition of the road. Prior to the accident, she made no attempt to contact the respondent and complain about the road’s condition. There were no signs in the area warning of road defects. As a result of the accident, the rear end of claimant’s car was severely damaged. Receipts in the amount of $783.43, for repairs to the suspension, and $122.86, for two tires, were offered as proof of claimant’s damages. After the hearing, claimant informed the Court that she had insurance coverage for the accident with a $250.00 deductible.
Thomas Simms, Ohio County supervisor for respondent, testified that his responsibilities include scheduling road maintenance work for the Dallas Pike area. Mr. Simms explained that heavy snowfalls during January, February, and March, 1994 required road crews to focus primarily on snow removal and ice control. As a result, snow and ice removal took priority over patching holes in the road. However, Mr. Simms produced documents indicating some temporary patching work as done in the area prior to the accident as weather conditions permitted. Mr. Simms was aware that his office had received telephone calls regarding the poor condition of the Dallas Pike Road.
For the respondent to be held liable for damage caused by a defect in the road it must have had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Department of Highways, 16 Ct. Cl. 103 (1986). In the instant claim, the respondent was aware of complaints about the Dallas Pike Road and had patched it on several occasions.
After reviewing the record in this claim, the Court finds that the respondent had notice of the defective condition of Dallas Pike Road. Moreover, the size of the hole indicates the seriousness of the hazard it presented, and the need for immediate action on the part of the respondent. Therefore, the Court is of the opinion that the respondent was negligent in its maintenance of the Dallas Pike Road at the time and location of the accident. In accordance with the principle of collateral sources, the Court makes an award of $250.00.
Award of $250.00.